# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **ANFERNEE TIMMONS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. ACT. NO. 1:23-cv-344-TFM-B |
| | ) |
| **WAL-MART, INC.,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *Walmart's Unopposed Motion to Remand* (Doc. 8, filed 10/24/23). Based on the current posture of the case, the Court **GRANTS** the motion, but specifically issues this opinion to note that it was not required to do so as the basis for the motion does not mandate remand, but that the Court exercises its discretion to do so.

## I. FACTS AND PROCEDURAL HISTORY

On or about August 7, 2021, Plaintiff was at Defendant's location at 2570 Government Boulevard, Mobile, Alabama. Plaintiff fell and was injured while in the store. *See* Doc. 1-1 at 3, ¶¶ 6-8. On February 7, 2022, Plaintiff's counsel sent a demand for settlement detailing medical special damages in the amount of $18,451.93, pain and suffering, and demanded a settlement in the amount of $175,000.00. *See* Doc. 5-1

On August 7, 2023, Plaintiff filed a complaint in the Circuit Court of Mobile County, Alabama in which he asserted premises liability claims for negligence and wantonness. *See* Doc. 1-1 generally. The complaint is silent as to a specific amount claimed for damages but alleges "all compensatory damages that it will take to make the Plaintiff fully whole", "punitive damages in such an amount as this Court may determine", and claimed "personal injuries, pain, suffering and

other damages." *Id*.

Defendant Wal-Mart was served on August 10, 2023. Doc. 1 at 1. Wal-Mart removed the case to federal court on September 7, 2023 asserting diversity jurisdiction under 28 U.S.C. § 1332. After thirty (30) days passed and there was no motion to remand from Plaintiff was filed, the Court issued its preliminary scheduling order instructing the parties to conduct a conference under Fed. R. Civ. P. 26(f) and to file its report on or before November 30, 2022. *See* Doc. 7.

Subsequently on October 24, 2023, Wal-Mart filed the instant unopposed motion to remand with an attached stipulation stating damages do not exceed the $75,000.00 jurisdictional threshold. *See* Doc. 8. The stipulation is signed by counsel for both sides, but not by the Plaintiff.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994). Defendant, as the party removing this action, have the burden of establishing federal jurisdiction. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

## III. DISCUSSION

Since this lawsuit began in state court, the court's jurisdiction depends on the propriety of removal. 28 U.S.C. § 1331 provides that a district court "shall have original jurisdiction of all civil

actions arising under the Constitution, laws, or treaties of the United States." Federal courts are directed to construe removal statutes strictly and to resolve all doubts about jurisdiction in favor of remand to state court. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) (citing *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1332 (11th Cir. 1998)).

Diversity jurisdiction exists where there is diversity of citizenship and the amount in controversy exceeds $ 75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Section 1446(b) then answers the question of when an action is removable, setting forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of "a copy of an amended pleading, motion, order or other paper." Normally, the notice of removal must "be filed within thirty days after the receipt by the defendant … of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). If a case cannot be determined to be removable from the face of the initial complaint, "a notice of removal may be filed within thirty days after receipt by the defendant … of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*; *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212-13 (11th Cir. 2007) (quoting § 1445(b) and stating a defendant must remove within thirty days of receiving the document that provides the basis for removal.).

"A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, removal jurisdiction based

upon diversity requires: (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s) and (2) satisfaction of the amount in controversy requirement.  The diversity of citizenship in this case is not in dispute.  Plaintiff is a citizen of Alabama.  Wal-Mart is a citizen of Delaware and Arkansas as it is organized under the laws of Delaware and maintains its principal place of business in Bentonville, Arkansas.  Further, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(c).  Therefore, the complete diversity of citizenship exists.

Next, the Court looks to the amount in controversy.  "[I]n the removal context, when damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence."  *Lowery*, 483 F.3d at 1208-09 (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) (adopting the "preponderance of the evidence" standard after examining the various burdens of proof in different factual contexts)).

Here, despite the parties' recent actions, the jurisdiction was determined at the time of removal. *See Thermoset Corp. v. Building Materials Corp. of America*, 849 F.3d 1313, 1317 (11th Cir. 2017) ("diversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal") (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016)); *see also Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009) ("[J]urisdictional facts are assessed at the time of removal").  The subsequent allegations to bring the amount-in-controversy down below the jurisdictional threshold do not necessarily deprive the Court of jurisdiction. *See, e.g., Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case" but that "behavior" is only taken into account as part of "the balance of factors" for determining whether remand is appropriate.

There is no "categorical prohibition" on remanding in these circumstances "regardless of whether the plaintiff has attempted to manipulate the forum."). In the case at hand, both parties are attempting to manipulate the forum by signing a stipulation and then submitting the Defendant's unopposed motion to remand forty-seven (47) days after removal. Indeed, the "Stipulation of the Parties" has no date, is not signed by the Plaintiff directly (only counsel), misspells counsel's name in the signature block, and was only submitted after the Court entered its preliminary scheduling order (as the thirty-day timeframe for a traditional motion to remand had already passed). The Court has some concerns as to whether this document would suffice as a "stipulation."

All that said, even with those concerns and the determination that the Court had jurisdiction at the time of removal, the Court feels no need to fight to keep a case that the parties jointly request be remanded to state court. It is Defendant's risk to take on the stipulation as it would be the one required to argue for enforcement should a later award exceed $75,000.00. Defendant will not be able to remove the case again based upon a change in circumstances as the removal statute is narrowly construed. Regardless, the Court will exercise its discretion to remand the case based upon the unopposed remand request filed by Defendant.

### IV.   CONCLUSION

Based on the above, *Walmart's Unopposed Motion to Remand* (Doc. 8) is **GRANTED** and this case is remanded to the Circuit Court of Mobile County, Alabama.

The Clerk of Court is **DIRECTED** to effectuate the remand.

**DONE** and **ORDERED** this 30th day of October, 2023.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE
